



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
June 23, 2023 23:58

By: BRADLEY HULL 0083282

Confirmation Nbr. 2892338

HOME MANAGEMENT CLEVELAND LLC                CV 23 981475

    vs.

GARRETT NEAL, ET AL                **Judge:** PETER J. CORRIGAN

**Pages Filed:** 18

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| HOME MANAGEMENT CLEVELAND LLC dba HOME MANAGEMENT LLC<br>600 17th Street<br>Suite 2800 South<br>Denver, CO 80202<br><br>　　　　Plaintiff,<br><br>v.<br><br>GARRETT NEAL<br>7262 Birchcreek Rd.<br>San Diego, CA 92119<br><br>ADIOUS LLC<br>30 N. Gould St<br>Suite 100<br>Sheridan, WY, 82801, CA 92119<br><br>Also serve at:<br><br>5173 Waring Rd<br>#15<br>San Diego, CA 92120<br><br>CUYAHOGA COUNTY FISCAL OFFICE<br>2079 E. 9TH Street<br>Cleveland, OH 44115<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE<br><br>COMPLAINT |

Plaintiff, Home Management Cleveland LLC dba Home Management LLC ("Home Management"), by and through counsel, hereby states in its Complaint against Defendant, Garrett Neal, and Defendant Adious LLC (collectively the "Defendants") as follows:

## THE PARTIES

1. Home Management is an Ohio limited liability company with its principal place of business located at the address set forth in the caption above.

2. Home Management is in the business of buying and selling real estate.

3. Garrett Neal is an individual with a residence set forth in the caption above.

4. Adious LLC is a limited liability company located at the address set forth in the caption above.

5. Cuyahoga County Fiscal Office is a local government entity responsible for the recording of Mortgages and keeping of official Cuyahoga County Records.

## VENUE

6. Venue is proper in this matter in the Cuyahoga County Court of Common Pleas to Ohio Rule of Civil Procedure 3(C)(6).

## OPERATIVE FACTS

7. In March of 2023, Home Management purchased the property located at 3706 Spokane Ave, Cleveland OH, 44109 (the "Property").

8. From March 2023 to May 2023, Home Management renovated and made necessary repairs to the Property.

9. In May 2023, Home Management searched for buyers in an attempt to sell the Property.

10. During this time Home Management conducted a title search on the Property.

11. Upon conducting a title search on the Property, Home Management discovered an unauthorized mortgage had been placed on the Property.

12. On May 8, 2023, Defendant Garrett Neal, drafted a mortgage for the Property. A copy of the May 8, 2023, Mortgage (the "Mortgage") is attached as Exhibit A.

13. The amount of Mortgage was $98,000.00.

14. At no point did Home Management enter into the Mortgage with Defendants.

15. The Mortgage is fraudulent.

16. Upon information and belief, the signature on the Mortgage was forged by a representative of Adious LLC.

17. On May 10, 2023, the fraudulent Mortgage was recorded in the Cuyahoga County Recorder's Office as document number 202305100225.

18. Since Defendants have placed the fraudulent Mortgage on the Property, Home Management has been unable to sell the Property and conduct business as usual.

19. Because of Defendants' actions, Home Management has experienced immediate and irreparable harm, and now has a fraudulent encumbrance on the Property.

## COUNT I
### (Slander of Title)

20. Home Management repeats and incorporates by reference the preceding Paragraphs as if fully rewritten herein.

21. On May 8, 2023, Defendants wrongfully placed the fraudulent Mortgage on the Property in the amount of $98,000.00. *See* Exhibit A.

22. On May 10, 2023, Defendants filed the fraudulent Mortgage with the Cuyahoga County Recorder.

23. Upon information and belief, the signature on the Mortgage was forged by a representative of Adious LLC.

24. As a result, Home Management has been prevented from providing "good title," free and clear of any encumbrances, in order to close any real estate transaction regarding the Property.

25. As a direct and proximate result of Defendants' actions, Home Management has been damaged in an amount exceeding $25,000, which damages will continue to accrue.

## COUNT II
## (Fraud)

26. Home Management repeats and incorporates by reference the preceding Paragraphs as if fully rewritten herein.

27. Defendants represented to Home Management that it had entered into a valid Mortgage for the Property.

28. Defendants made the representation by drafting a fraudulent Mortgage and forging the signature of the managing Member of Home Management, Madilyn Felix.

29. Defendants' representations were material to the transaction between themselves and the Cuyahoga County Fiscal Office, such that if legitimate, the representations would trigger an obligation by Home Management to pay Defendants.

30. Defendants made such representations to Cuyahoga County Fiscal Office falsely and with knowledge of their falsity, or with such utter disregard and recklessness as to whether its statements were true or false that knowledge may be inferred.

4

31. Defendants made such representations Cuyahoga County Fiscal Office with the intent to mislead the Cuyahoga County Fiscal Office and Home Management into paying a mortgage that is fraudulent.

32. Home Management justifiably relied on Defendants' representations to its detriment.

33. As a direct and proximate result of Defendants' fraudulent conduct, Home Management has been damaged in an amount exceeding $25,000, which damages will continue to accrue.

34. Defendants' conduct as specifically described herein was intentional and evidences the degree of malice necessary to support an award of punitive damages and attorneys' fees.

## COUNT III
(Preliminary and Permanent Injunction)

35. Home Management repeats and incorporates by reference the preceding Paragraphs as if fully rewritten herein.

36. As discussed above, the facts indicate there is a substantial likelihood Home Management will prevail on the merits of its Complaint.

37. Defendants continue to unlawfully encumber the title to the Property owned by Home Management, actively interfering with its property rights, threatening Home Management's business. As such, Home Management is unable to undertake the necessary steps to run and maintain its business, resulting in lost profits, lost opportunities, and the inability to effectively use its own asset.

38. Accordingly, Home Management will suffer irreparable harm if Defendants do not release their fraudulent mortgage.

39. This is a dispute between two private parties. As such, no third parties will be unjustifiably harmed if a preliminary injunction is granted.

40. Further, it is in the public interest to protect Home Management's property rights.

41. There are adequate remedies at law, such as monetary damages, to compensate Home Management from its injuries the fraudulent mortgage is not released.

42. Home Management therefore requests that this Court grant them a preliminary and permanent injunction: (i) prohibiting Defendants from maintaining the fraudulent mortgage on the Property; and (ii) directing Defendants to release and remove the fraudulent Mortgage on the Property.

## COUNT IV
(Declaratory Judgment)

43. Home Management repeats and incorporates by reference the preceding Paragraphs as if fully rewritten herein.

44. A real and justiciable controversy exists between Home Management and Defendants regarding the fraudulent mortgage that was placed on the Property preventing Home Management from having "clear title" to a property that it owns.

45. Speedy relief is necessary to preserve Home Management's property rights.

46. Home Management is entitled to a judgment declaring that the Mortgage be found to be fraudulent and released immediately. Specifically, Home Management seeks a judgment declaring:
    a. On May 8, 2023, Defendants drafted a fraudulent mortgage for $98,000 on the Property;
    b. The signature of Home Management's managing member Madilyn Felix was forged by Defendants;
    c. At no point did Home Management and Defendants enter into a mortgage agreement.
    d. On May 10, 2023, Defendants recorded a fraudulent mortgage with the Cuyahoga County Recorders office;
    e. The mortgage placed on the Property is invalid, fraudulent, and is to be released immediately.

6

47.     Home Management seeks an Order from this Honorable Court requiring Defendant Cuyahoga County Fiscal Office to release, void, treat as a nullity, and or strike the fraudulent mortgage, recorded as Cuyahoga County AFN 202305100225.

## COUNT V
### (Breach of Contract)

48.     Home Management repeats and incorporates by reference the preceding Paragraphs as if fully rewritten herein.

49.     Pursuant to Ohio law, in order to be successful on a breach of contract claim, the Plaintiff must provide evidence of the following; (1) the existence of a contract; (2) performance by the Plaintiff; (3) breach by the Defendant; and (4) damages. *See, e.g.,* Huffman Equipment Rental and Contracting, Inc. v. Kazak Brothers, Inc., No.2000-L-152, Not Reported in N.E.2d, 2002 WL 549858 (Ohio App.11 Dist.), 2002-Ohio-1683; Doner v. Snapp (1994), 98 Ohio App.3d 597, 600, 649 N.E.2d 42.

50.     Defendants are holding out what they purport to be a mortgage, and seeking to enforce it. However, there was no contract. Defendants never loaned any money to Plaintiff. Plaintiff never executed the mortgage. There was never a meeting of the minds between the parties. No promises were made by and between the parties. No consideration was paid, tendered, or ever discussed.

51.     As a result of Defendants' breach of contract, Plaintiff has been damaged in an amount in excess of $25,000, which damages continue to accrue.

## COUNT VI
### (Breach of Contract— Statute of Frauds)

52.     Home Management repeats and incorporates by reference the preceding Paragraphs as if fully rewritten herein.

53.     Pursuant to O.R.C. 1335.04, "No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be

7

assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law."

54. The mortgage is a purported "interest" in the "lands, tenements, or hereditaments" of Plaintiff pursuant to R.C. 1335.04.

55. However, Plaintiff never signed the mortgage.

56. No other act, and no operation of any law, makes the forged and fraudulent signature of Plaintiff valid.

57. As a result of Defendants' breach of contract for holding out the mortgage as a valid Contract under law, despite it being in violation of the Ohio Statute of Frauds for lacking Plaintiff's signature, Plaintiff has been damaged in an amount in excess of $25,000, which damages continue to accrue.

## COUNT VII
(Conversion)

58. Home Management repeats and incorporates by reference the preceding Paragraphs as if fully rewritten herein.

59. Conversion is a wrongful exercise of dominion over property in exclusion of the right of the owner, or withholding it from his possession under a claim inconsistent with his rights. Zacchini v. Scripps-Howard Broadcasting Company 47 Ohio St. 2d 227 (1976). The elements of a conversion action are: (1) plaintiff's actual or constructive possession or immediate right to possession of the property; (2) defendant's wrongful interference with plaintiff's rights; and (3) damages. Allied Erecting & Dismantling Co., Inc. v. Youngstown, 2004-Ohio-3665 (7th Dist.).

60. Defendants Neal and Adious LLC have taken possession of Plaintiff's title to its property, wrongfully interfered with Plaintiff's title to its property, and caused damages to Plaintiff in an amount in excess of $25,000 as a result, which damages continue to accrue.

8

## COUNT VIII
(Negligence with Willful and Wanton Misconduct)

61. Home Management repeats and incorporates by reference the preceding Paragraphs as if fully rewritten herein.

62. The duty of ordinary care is the degree to which an ordinarily reasonable and prudent person exercises, or is accustomed to exercise, under the same or similar circumstances. Soltz v. Colony Recreation Center, 151 Ohio St. 503, 39 Ohio Op. 322, 87 N.E.2d 167 (1949). [The duty of ordinary care] has also been defined as "reasonable care." Ault v. Hall, 119 Ohio St. 422, 7 Ohio L. Abs. 44, 164 N.E. 518, 60 A.L.R. 129 (1928); Witherspoon v. Haft, 157 Ohio St. 474, 47 Ohio Op. 350, 106 N.E.2d 296 (1952).

63. Pursuant to Matkovich v. Penn Central Transportation Co. (1982), 69 Ohio St.2d 210, 431 N.E.2d 652:

> "[T]he test for determining wanton misconduct has two parts, and requires a plaintiff to show: 1) that there was a failure to exercise any care whatsoever by those who owe a duty of care; and 2) that the failure occurred under circumstances in which there was a great probability that harm would result from the lack of care."

64. Defendants all knew they owed a duty of care to Plaintiff, and knew they failed to comply with that duty of care when they forged Plaintiff's signature to a mortgage, publicly recorded it, and caused Plaintiff to incur damages in excess of $25,000.00 as a direct and proximate result.

Case: 1:23-cv-01393 Doc #: 1-1 Filed: 07/20/23 11 of 14. PageID #: 15

65. Defendants acted with malice and ill will toward Plaintiff, without any regard to Plaintiff's rights or the consequences that might reasonably befall Plaintiff as a result thereof.

66. All Defendants have caused damage to Plaintiff as a result.

67. As a result of Defendants' Neal's and Adious' joint and several negligence, individually and/or in their representative capacities, with willful and wanton misconduct toward Plaintiff, Plaintiff has proximately suffered damages in an amount in excess of $25,000.00, which damages continue to accrue, for which Defendants are jointly and severally liable.

## COUNT IX
(Tortious Interference with Business Relationships)

68. Home Management repeats and incorporates by reference the preceding Paragraphs as if fully rewritten herein.

69. Tortious interference with a business relationship "occurs when a person, without a privilege to do so, induces or otherwise purposely causes a third person not to enter into or continue a business relationship with another." A & B - Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council, 73 Ohio St.3d 1, 14, 651 N.E.2d 1283 (1995).

70. Defendants Neal and Adious, jointly and severally, have and continue to intentionally interfere with the business relations of Plaintiff by preventing it from selling property, and by polluting all titles to all properties owned by Plaintiff.

71. As a result of Defendants' joint and several intentional interference with the business relations of Plaintiff, Plaintiff has been damaged in an amount in excess of $25,000.00, which damages continue to accrue.

10
Electronically Filed 06/23/2023 23:58 / / CV 23 981475 / Confirmation Nbr. 2892338 / CLAJB

WHEREFORE, Plaintiff, Home Management Cleveland LLC dba Home Management LLC, requests that judgment be entered in its favor and against Defendants Garrett Neal and Adious LLC, as follows:

(a) as to <u>Counts I, II, V, VI, VII, VIII and IX</u>, damages in an amount exceeding $25,000, which damages continue to accrue, plus compensatory damages, incidental damages, consequential damages, punitive damages, court costs, pre-judgment and post-judgment interest at the maximum rate allowed by law, reasonable attorney's fees and such other relief, legal or equitable, that this Court deems suitable and proper, with all such liability to be apportioned jointly and severally between Defendant Neal and Defendant Adious LLC.

(b) as to <u>Count III</u>, for the Preliminary and Permanent Injunction, in an order prohibiting Defendants from maintaining the fraudulent mortgage on the Property; and directing Defendants to release and remove the fraudulent mortgage on the Property;

(c) as to <u>Count IV</u>, for a judgment declaring that the mortgage on the property is fraudulent and for the fraudulent mortgage to be removed immediately or forthwith, and Ordering the Cuyahoga County Fiscal Office to release, void, treat as a nullity, and or strike the fraudulent mortgage, recorded as Cuyahoga County AFN 202305100225;

(d) to the extent not specifically plead in the aforementioned Requests for Relief, as to <u>all Counts</u>, for the costs and expenses incurred by Home Management in bringing this action, including actual damages in an amount in excess of $25,000, which damages continue to accrue, compensatory damages, incidental damages, consequential damages, punitive damages, court costs, interest at the maximum rate allowed by law, reasonable attorney's fees and such other relief, legal or equitable, that this Court deems suitable and proper, jointly and severally against all Defendants herein as warranted under law.

        Respectfully submitted,
*/s/* Bradley Hull, IV
Bradley Hull, IV (0083282)
Demari Muff (0100213)
CAVITCH, FAMILO & DURKIN CO., L.P.A.
1300 East Ninth Street, Twentieth Floor
Cleveland, Ohio 44114
Telephone: (216) 621-7860
Facsimile: (216) 621-3415
Email:  bhull@cavitch.com
       dmuff@cavitch.com
*Attorneys for Plaintiff, Home Management*

## JURY DEMAND

Plaintiff, Home Management Cleveland LLC dba Home Management LLC, herein demands, in accordance with Ohio Civil Rule 38, a trial by jury of the maximum number allowed by law on all issues and causes of action presented in this civil action that may be presented to a jury.

                                                /s/ Bradley Hull, IV
                                                Bradley Hull, IV (0083282)